IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02442-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 1 2008

GREGORY C. LANGHAM
CLERK

MIGUEL ANGEL PUENTES-ROSABAL,

Plaintiff,

v.

DAVID R. FINE, Denver City Attorney, In his Personal and Official Capacity as Denver
    City Attorney,
THE CITY AND COUNTY OF DENVER, A Municipal Corporation and as a County,
MITCHELL MORRISSEY, District Attorney for the Second Judicial District in Denver, In
    his Personal and Official Capacity,
JOSEPH MORALES, Deputy District Attorney for the Second Judicial District in Denver,
    in his Personal and Official Capacity, and
DANIEL CHUN, Investigator for the District Attorney for the Second Judicial District, In
    his Personal and Official Capacity,

Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Miguel Angel Puentes-Rosabal, currently resides in Denver, Colorado. On November 26, 2007, Plaintiff initiated this action by filing a Complaint. In Attachment No. 2 to the Complaint, Mr. Puentes-Rosabal asserts jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 2671 and 28 U.S.C. § 1346, and the Alien's Action for Tort, 28 U.S.C. § 1350. Although Plaintiff does not refer to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 in Attachment No. 2 as a basis for jurisdiction, he does refer to §§ 1983, 1985, 1986, and 1988 in Claims Seven through Eleven. Plaintiff also asserts, under ¶ 77, that Defendants' actions violate the Common Law of the United States; the United Nations Charter; the Universal Declaration of Human Rights; the International

Covenant on Civil and Political Rights; the Convention Against Torture and Other Cruel, Inhuman of Degrading Treatment or Punishment; the Declaration on the Protection of all Persons From Being Subjected to Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment; the Vienna Declaration and Programme of Action (World Conference on Human Rights); and the statutes and common law of Colorado. Plaintiff further refers to *Bivens v. Six Unknown Named Agents of Fed. Bureau*, 403 U.S. 388 (1971), as a basis for his claims in ¶ 80.

The Court must construe the Complaint liberally because Mr. Puentes-Rosabal is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Puentes-Rosabal will be ordered to file an Amended Complaint.

The Court finds that Plaintiff's allegations fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Puentes-Rosabal has submitted a sixty-eight page pleading in which the claims for the most part are repetitive, vague, and conclusory. The Complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. **See** Fed. R. Civ. P. 8(a)(2). To the extent the Court is able to determine Plaintiff's claims, it appears that he is challenging his pending Colorado State criminal proceeding, a false imprisonment, torturous acts that took place while he was imprisoned, and an illegal search and seizure. Plaintiff seeks money damages.

With respect to any claims that Plaintiff sets forth regarding his alleged false imprisonment, his claims for money damages are barred by the rule in **Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by

3

executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Although "[c]laims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur," ***Beck v. City of Muskogee***, 195 F.3d 553, 558 (10th Cir. 1999), to recover compensatory damages Plaintiff must prove not only that the search was unlawful, but that it caused him an actual, compensable injury that does not encompass the "injury" of being convicted and imprisoned, *Heck*, 512 U.S. at 487 n. 7.

Nonetheless, even if the Court were to find a basis for Plaintiff's illegal search and seizure claim, Plaintiff fails to assert personal participation in the search by properly named defendants.

As for the claims raised pursuant to § 1350, Plaintiff does not establish the basis for a civil action. Plaintiff fails to assert who acted under the color of law to cause him severe pain or suffering and what pain and suffering he incurred. § 1350 Historical and Stat. Notes., Torture Victim Protection, Sec. 2. and 3. Furthermore, the definition of pain and suffering under § 1350 does **not** include any pain and suffering that arises from or is inherent to any lawful sanctions, *id.* at Sec. 3.(b), and Plaintiff must exhaust all adequate and available remedies before proceeding with a claim under § 1350 in this Court, *id.* at Sec. 2.(b).

With respect to any claims that Plaintiff seeks to raise pursuant to the FTCA or ***Bivens***, the claims are without basis. Claims raised pursuant to § 2671 or ***Bivens***

pertain to acts committed by either federal employees or federal agencies. Named Defendants are either state agencies or state employees.

As for all of the agreements, laws, resolutions, conventions, or treaties that Plaintiff refers to in ¶ 77, Plaintiff fails to assert how his rights have been violated under each of these statements of law.

Plaintiff's Complaint also suffers from other deficiencies. To the extent that Plaintiff may assert a violation of his constitutional rights, he must assert each Defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Puentes-Rosabal also fails to assert a proper claim against Defendant City and County of Denver. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. **Monell v. New York City Dep't of Social Servs.**, 436 U.S. 658, 694 (1978); **Hinton v. City of Elwood, Kan.**, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must

5

show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Puentes-Rosabal cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

As for Defendants David R. Fine, Mitchell Morrissey, and Joseph Morales their participation in prosecutorial activities is immune from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Plaintiff's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendants Fine, Morrissey, and Morales are inappropriate parties to this action based on absolute immunity.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). To the extent that Plaintiff may state a constitutional violation by Defendants but fails to meet the requirements of Fed. R. Civ. P. 8, the Court will allow Mr. Puentes-Rosabal the opportunity to file an Amended Complaint. In order for Plaintiff to state a claim in this Court, he must state with specificity what each named Defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Puentes-Rosabal file **within thirty days from the date of this Order** an original and a copy of an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Puentes-Rosabal, together with a copy of this Order, two copies of the Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Puentes-Rosabal submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that if Mr. Puentes-Rosabal fails to file an original and sufficient copies of an Amended Complaint that complies with this Order, to the Court's satisfaction within the time allowed, the Complaint and the action will be dismissed without further notice.

DATED February 1, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02442-BNB

Miguel Angel Puentes-Rosabal
3744 Navajo Street
Denver, CO 80211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 2/1/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk