IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02442-ZLW

MIGUEL ANGEL PUENTES-ROSABAL,

    Plaintiff,

v.

DAVID R. FINE, Denver City Attorney, In his Personal and Official Capacity as Denver City Attorney,
THE CITY AND COUNTY OF DENVER, A Municipal Corporation and as County,
MITCHELL MORRISSEY, District Attorney for the Second Judicial District in Denver, In his Personal and Official Capacity as District Attorney for the Second Judicial District in Denver, Colorado,
JOSEPH MORALES, Deputy District Attorney for the Second Judicial District, In his Personal and Official Capacity as Deputy District Attorney for the Second Judicial District in Denver, Colorado, and
DANIEL CHUN, Investigator for the District Attorney of the Second Judicial District, In his Personal and Official Capacity as Investigator for the District Attorney's Office for the Second Judicial District in Denver, Colorado,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 9 2008

GREGORY C. LANGHAM
                CLERK

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff Miguel Angel Puentes-Rosabal, a current detainee at the Denver County Jail, filed a *pro se* Motion to Reconsider, on May 8, 2008. The Court must construe the Motion liberally because Mr. Puentes-Rosabal is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Motion will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Puentes-Rosabal's Motion, which was filed more than ten days after the Judgment was entered in this case, will be construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice after Mr. Puentes-Rosabal failed, within the time allowed, to amend the Complaint in keeping with Rule 8(a)(2) of the Federal Rules of Civil Procedure and with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Upon consideration of the Motion and the entire file, the Court finds that Mr. Puentes-Rosabal fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action.

Although Mr. Puentes-Rosabal asserts that he resided at 3744 Navajo Street, Denver, CO 80211 until June 1, 2008, starting on March 24, 2008, all orders sent to Mr. Puentes-Rosabal at that address were returned to the Court marked "Return to Sender Puentes Moved Left no Address Unable to Forward Return to Sender." Mr. Puentes-Rosabal knew he was required to file an Amended Complaint and even requested an extension of time to do so on February 27, 2008. The March 3, 2008, Minute Order granting Mr. Puentes-Rosabal an extension of thirty days to file an Amended Complaint was one of the orders returned to the Court marked Return to Sender. Mr. Puentes-

Rosabal, however, never inquired about whether the extension of time had been granted and did not file an Amended Complaint. Now, almost eight months later, he is requesting that the Court reconsider the dismissal of the action and allow him to proceed in the instant action. Mr. Puentes-Rosabal failed to prosecute his claims diligently. He has failed to present any extraordinary circumstances that would justify reopening the case.

The Court also notes that even though Mr. Puentes-Rosabal asserts he inquired about his case in May and was told that a judge was reviewing his case, the claim is not credible. The Complaint and action were dismissed on April 9, 2008. Furthermore, contrary to Mr. Puentes-Rosabal's assertion that he filed a notice of change of address on May 28, 2008, the Court has no record of a notice of change of address being filed by Mr. Puentes-Rosabal on or about May 28.

The Court will not reopen this action to allow Mr. Puentes-Rosabal another opportunity to file an Amended Complaint. The Motion will be denied. Mr. Puentes-Rosabal is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Motion, (Doc. No. 14), filed October 20, 2008, is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 60(b), and is denied.

DATED at Denver, Colorado, this 28 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02442-BNB

Miguel Angel Puentes-Rosabal
Prisoner No. 1606760
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  10/29/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk